UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

PAIGE INTERNATIONAL, INC. )
3166 Tennyson Street, NW )
Washington, DC 20015 )
)
)
    Plaintiff )
)
v. ) Civil Action No. _____
)
XL SPECIALTY INSURANCE COMPANY ) *Serve DC Registered Agent:*
70 Seaview Avenue ) CT Corporation Systems
Stamford, Connecticut 06902 ) 1015 15th Street, NW
) Washington, DC 20005
)
XL REINSURANCE AMERICA, INC. ) *Serve DC Registered Agent:*
70 Seaview Avenue ) CT Corporation Systems
Stamford, Connecticut 06902 ) 1015 15th Street, NW
) Washington, DC 20005
)
GREENWICH INSURANCE COMPANY ) *Serve DC Registered Agent:*
One Greenwich Plaza ) CT Corporation Systems
Greenwich, Connecticut 06836 ) 1015 15th Street, NW
) Washington, DC 20005
)
    Defendants )
_____)

## **COMPLAINT**

Plaintiff alleges:

1. This is an action by an unpaid sub-subcontractor to enforce a subcontractor's payment bond, which arises out of the construction of the security, audio visual and telecommunications portion of the Marriott Marquis hotel in Washington, DC ("the Project").

2. Plaintiff Paige International, Inc. ("Paige") is a corporation organized and existing under the laws of the District of Columbia, with its place of business located in Washington, DC.

3. Defendants XL Specialty Insurance Company ("XL Specialty") and XL Reinsurance America, Inc. ("XL-Re") are corporations organized and existing under the laws of the State of Delaware, with their principal places of business in Stamford, Connecticut, and both of which are duly authorized to engage in the business of insurance in the District of Columbia.

4. Defendant Greenwich Insurance Company ("Greenwich") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Greenwich, Connecticut, which is duly authorized to engage in the business of insurance in the District of Columbia.

5. Jurisdiction for this action is founded on diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), in that the events giving rise to this claim occurred within the District of Columbia.

7. The prime contractor for the Project was Hensel Phelps Construction Company ("Hensel Phelps"), under contract with HQ Hotel, LLC.

8. Hensel Phelps in turn subcontracted the electrical, fire alarm, security, audio visual and telecommunications portion of the Project to Truland Systems Corporation ("Truland").

9. Truland in turn sub-subcontracted the security, audio-visual and telecommunications (data and voice) portion of the Project to Paige.

10. In conformance with the requirements of Truland's subcontract with Hensel Phelps, Truland purchased a payment bond ("the Bond") from XL Specialty, XL-Re, and Greenwich (collectively, "the Sureties") in the penal sum of $39,462,710, a copy of which is attached hereto as Exhibit A and incorporated herein by reference, pursuant to which the Sureties

2

pledged, jointly and severally, to make payment to those persons supplying labor, material and equipment to the Project under contract with Truland, and not paid by Truland.

11. Paige provided labor, materials and equipment to Truland in partial satisfaction of Truland's subcontract obligations to Hensel Phelps, and is hence a proper claimant under the Bond.

12. By Subcontract Agreement dated May 22, 2013, Truland sub-subcontracted to Paige the labor, materials and equipment required for the telecommunications, security and audio visual systems portion of the Project, in compliance with plans and specifications prepared by the owner's architect, for a fixed price of $1,833,000.

13. By Change Order # 1, Truland deleted the sub-subcontract requirement that Paige furnish performance and payment bonds, thereby reducing the sub-subcontract price by $21,830, to $1,833,000.

14. By Change Order # 2, Truland changed the audio visual system from analog to digital technology, thereby increasing the sub-subcontract price by $1,860,339, to $3,693,339.

15. By Change Order # 3, Truland added to and revised the audio visual system, thereby increasing the sub-subcontract price by $354,621, to $4,047,960.

16. By Change Order # 4, Truland made revisions to the cabling to support the Elevator Position Indicators, thereby increasing the sub-subcontract price by $13,200.40, to $4,061,162.40.

17. By Change Order # 5, Truland made changes to certain cabling and security cameras, thereby increasing the sub-subcontract price by $45,529.28, to $4,106,691.68.

## COUNT I
(Balance Due Under Base Contract)

18. Paige completed all of the work encompassed by the base contract, as amended by Change Orders 1-5, in a timely and workmanlike manner, and all conditions precedent to final payment have been met or excused.

19. Truland has paid Paige $2,251,861.68, and owes Paige a balance for base contact work, as adjusted by approved Change Orders, in the amount of $1,854,830.

20. The Sureties are jointly and severally liable to Paige for the balance due from Truland to Paige, for labor, material and equipment provided to Truland for use in the Project pursuant to the Truland-Paige sub-subcontract.

## COUNT II
(Extra Work Performed by Paige for Which Change Orders Are Pending)

21. Paragraphs 1-20 are incorporated by reference and re-alleged as though more fully set out herein.

22. During the course of the Project Paige submitted Proposed Change Orders to Truland for items of extra work which were directed by Truland in the amount of $462,147, for which Paige was entitled to change orders, but for which Truland has failed to date to issue change orders.

23. The Sureties are jointly and severally liable to Paige for the balance due from Truland to Paige, for labor, material and equipment provided to Truland above and beyond the base contract, for use in the Project pursuant to the Truland-Page sub-subcontract, in the amount of $462,147.

## COUNT III
(Increased Costs Resulting from Truland's
Breach of Implied Duty of Cooperation and Non-interference)

24. Paragraphs 1-23 are incorporated by reference and re-alleged as though more fully set out herein.

25. Implied in every construction contract is a duty on the part of each party to cooperate with and to not prevent, hinder, or interfere with the orderly, systematic, logical and efficient performance of the other party.

26. Truland's management and supervision failed to properly manage the Project, and actively prevented and interfered with Paige's ability to perform the work of its sub-subcontract in an orderly, systematic, logical and efficient manner, including Truland's failure to have predecessor work ready for Paige, blocking timely access by Paige to its work areas, failure to protect work installed by Paige, and directions by Truland to Paige to perform its work in an illogical and inefficient sequence.

27. As a proximate result of Truland's breach of the implied duty of cooperation and non-interference, it was necessary for Paige to incur substantial additional costs for labor and supervision, in the amount of $762,768.

28. The Sureties are jointly and severally liable to Paige for labor, material and equipment provided to Truland as the proximate result of Truland's breach of the implied duty of cooperation and non-interference, in the amount of $762,768.

WHEREFORE, Paige International, Inc. prays for judgment against XL Specialty Insurance Company, XL Reinsurance America, Inc., and Greenwich Insurance Company, jointly and severally, as follows:

(a) Pursuant to Count I, in the amount of $1,854,830; and

(b)     Pursuant to Count II, in the amount of $462,147; and

(c)     Pursuant to Count III, in the amount of $762,768;

for a total award in the principal amount of $3,079,745; and

(d)     Pursuant to Paragraph 15 of the sub-subcontract agreement between Truland Systems Corporation and Paige International, Inc., for reasonable attorney's fees; and

(e)     For pre-judgment interest from and after such amounts were due and payable; and

(f)     For such other and additional relief as this Court deems just and proper.

PAIGE INTERNATIONAL, INC.

By: _____/s/_____
Philip C. Jones, DC Bar # 196097
GREENBURG & SPENCE, LLC
814 W. Diamond Ave., Suite 320
Gaithersburg, MD 20878
(301) 963-1069
pjones@gstlaw.com

# PAYMENT BOND
(Subcontract)

Bond No. __SUR7402105__
(if applicable)

KNOW ALL BY THESE PRESENTS, that TRULAND SYSTEMS CORPORATION (hereinafter called the "Principal"), as Principal, and XL SPECIALTY INSURANCE COMPANY, GREENWICH INSURANCE COMPANY, XL REINSURANCE AMERICA, INC., a corporation organized and existing under the laws of the State of DE & NY (hereinafter called the "Surety"), as Surety, are held and firmly bound unto Hensel Phelps Construction Co., a Delaware corporation, with principal offices located at 420 Sixth Avenue, Greeley, Colorado (hereinafter called "Hensel Phelps" as "Obligee"), in the sum of THIRTY NINE MILLION DOLLARS ($39,452,710.00), for the payment of which sum, well and truly to be made, the said Principal and Surety bind themselves, and their respective heirs, administrators, executors, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Hensel Phelps has been awarded a contract (hereinafter called the "Prime Contract"), by HQ Hotel, LLC for MARRIOTT MARQUIS, WASHINGTON, DC ("Project"); and

WHEREAS, the Principal has entered into a written Subcontract with Hensel Phelps, dated 2/11/2011 in the amount of $39,452,710.00 ("Subcontract Price") to perform, as Subcontractor, certain portions of the work in connection with said Prime Contract, consisting generally of ELECTRICAL, FIRE ALARM, SECURITY, AUDIO VISUAL AND TELECOMMUNICATIONS, which Subcontract is hereby referred to and made a part hereof.

NOW, THEREFORE, the condition of this obligation is such that, if Principal shall promptly make payment to all Claimants as hereinafter defined, for all labor, material and equipment used or reasonably required for use in the performance of the Subcontract, and any and all change orders or modifications issued to said Subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. The purpose of this Bond is, in part, to indemnify Hensel Phelps and its surety (if any) for any payments made by Hensel Phelps or its surety, whether due to a lien or payment bond claim or otherwise, to any Claimant, as defined herein, upon the failure of Principal or Surety to make such payment. Such indemnification shall include all legal expenses necessarily incurred by Hensel Phelps or its surety in connection with such payments, which legal expenses shall be due and owing to Hensel Phelps in addition to, and not as a part of, the penal sum of this Bond.

2. Surety agrees that no change, extension of time, alteration, addition, omission, or other modification of the terms of either the said Subcontract or the said Prime Contract, or both, or in the said work to be performed, or in the specifications, or in the plans, shall in any way affect its obligation on this Bond, and it does hereby waive notice of any such changes, extensions of time, alterations, additions, omissions, and other modifications. In addition, the penal sum of this Bond shall automatically be adjusted to reflect the additive or deductive amounts of all change orders issued to the Subcontract; provided, however, that Hensel Phelps shall notify Surety if a change order increases the Subcontract Price by more than 10%, and, if at any point the aggregate amount of all change orders increases the Subcontract Price by more than 35% of the Subcontract Price, the Surety's consent shall be required to increase the penal sum of this Bond in excess of 35% of the Subcontract Price, such consent not to be unreasonably withheld.

3. Hensel Phelps and its surety, if any, are intended beneficiaries of this Bond.

4. A Claimant is defined as one supplying labor, material and/or equipment, used or reasonably required for use in the performance of the Subcontract, labor, material and equipment being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service, or rental equipment directly applicable to the Subcontract. Although possessing the right to file a lien or statutory bond claim is not required to meet the definition of Claimant under this Bond, Claimant is further defined as anyone possessing a right to file a lien or statutory bond claim on the Project arising out of the Subcontractor's work.

5. The above named Principal and Surety hereby jointly and severally agree that every Claimant as herein defined, who has not been paid amounts due for labor, material or equipment used or reasonably required for use in the performance of the Subcontract may recover such amounts from Surety under this Bond. Hensel Phelps shall not be liable for the payment of any costs or expenses that may be incurred by a Claimant in recovering amounts due under this Bond.

6. The penal sum of this bond shall be reduced by and to the extent of any payment or payments made by Surety in good faith hereunder.

7. In the event of a dispute between Surety and Hensel Phelps related to the Subcontract or this Bond, the dispute shall be resolved by the dispute resolution procedures set forth in the Subcontract. Surety shall be bound by any decision or ruling issued in any legal proceedings relating to the Subcontract involving Hensel Phelps and Principal concerning the Principal's obligations under the Subcontract.

EXHIBIT A

IN WITNESS WHEREOF, the above bonded parties have executed this instrument under their several seals this __12th__ day of __December__, __2011__, the name and corporate seal of each corporate party being affixed and these presents duly signed by its undersigned representative, pursuant to authority of its governing body.

Witness:

By _____
Or Secretary's Attest

Witness:

By _____
Or Secretary's Attest   Ericka Y. Turner

Truland Systems Corporation _____ (Seal)
(Principal)
1900 Oracle Way, Suite 700
Reston, VA 20190
(Business Address)

_____
(Signature and Title)

XL Specialty Insurance Company, Greenwich Insurance Company,
XL Reinsurance America, Inc. _____ (Seal)
(Surety)
300 E. Lombard Street, Suite 1470
Baltimore, MD 21202
(Business Address)

_____
(Signature and Title)
Frank C. Roddey, Jr., Attorney-In-Fact



**Power of Attorney**
XL Specialty Insurance Company
Greenwich Insurance Company
XL Reinsurance America Inc.

THIS IS NOT A BOND NUMBER
UNLIMITED POWER OF ATTORNEY
XL1500471

KNOW ALL MEN BY THESE PRESENTS, That XL Specialty Insurance Company, Greenwich Insurance Company, Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, , do hereby nominate, constitute, and appoint:

Charles H. Bendall Jr., Jessica J. Winfree, John C. Stanchina, Patricia L. Lewis, Ericka Y. Turner, Kathleen M. Moore, Jacqueline L. Joiner, Joann E. Stahr, Clinton J. Diers, Frank C. Roddey Jr.

each its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, for the penal sum of no one of which is in any event to exceed UNLIMITED.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - in - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 6th day of October, 2011:

RESOLVED, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, David Hewett, William Mills, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this October 6th, 2011.

XL SPECIALTY INSURANCE COMPANY
GREENWICH INSURANCE COMPANY

By: *David S. Hewett*
SENIOR VICE PRESIDENT

Attest: *Toni Ann Perkins*
SECRETARY

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD

On this 6th day of October, 2011, before me personally came David S. Hewett to me known, who, being duly sworn, did depose and say: that he is Senior Vice President of XL SPECIALTY INSURANCE COMPANY and GREENWICH INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

KIM D. SLIVA
NOTARY PUBLIC
My Commission Expires June 30, 2016
STATE OF CONNECTICUT

NOTARY PUBLIC